IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rene Hamilton,      Case No. 3:10 CV 1997

    Plaintiff,      MEMORANDUM OPINION
AND ORDER

-vs-

     JUDGE JACK ZOUHARY

Menard, Inc., et al.,

    Defendants.

## INTRODUCTION

In this personal injury action, Plaintiff Rene Hamilton alleges she was injured when a falling piece of merchandise struck her while shopping at the Menard store in Oregon, Ohio. Plaintiff alleges Defendant Menard was negligent in assembling, stocking, or inadequately securing shelving and merchandise. She further alleges that the accident caused her neurological problems and exacerbated pre-existing problems -- including reflex sympathetic dystrophy ("RSD") and/or complex regional pain syndrome ("CRPS") (Doc. No. 1-1 at ¶¶ 6–7).

Pending before this Court is Defendant's Motion for Partial Summary Judgment (Doc. No. 23) and Motion to Strike the affidavit and report of Plaintiff's medical expert, Dr. James Lundeen (Doc. No. 29). Dr. Lundeen opined that Plaintiff suffers from RSD/CRPS because of her injury at the Menard store. Plaintiff opposes both Motions (Doc. Nos. 25, 31).

**DISCUSSION**

Defendant claims Plaintiff suffered no physical injury at the Menard store "except what is set forth in the St. Charles Emergency Room records of that date [April 5, 2008]" (Doc. No. 27-1 at 1) and, in this regard, Defendant asks this Court to find Dr. Lundeen is neither qualified to diagnose Plaintiff with RSD/CRPS nor is his opinion reliable pursuant to Federal Evidence Rule 702. That Rule states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

According to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), a district court's task in assessing evidence proffered under Rule 702 is to determine whether the evidence "both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597. A district court must consider "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id.* at 592–93.

To do so, a district court should consider whether the theory or technique in question "can be (and has been) tested," whether it "has been subjected to peer review and publication," whether it has a "known or potential rate of error," and finally, whether the theory or technique enjoys general acceptance in the relevant scientific community. *Id.* at 594. The Rule 702 inquiry is "a flexible one," and "[t]he focus . . . must be solely on principles and methodology, not on the conclusions they generate." *Id.* at 594–95. An expert who presents testimony must "employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Dr. Lundeen's sworn statement describes himself as a general practitioner who began diagnosing and treating patients with RSD and CRPS in 1990 and diagnosed "several" patients with RSD/CRPS in 2011(Doc. No. 25-1 at 8–9). Plaintiff argues this qualifies Dr. Lundeen as an expert under Rule 702. Because of the limited information provided by Dr. Lundeen, this Court cannot determine the extent of his experience with this diagnosis. There is no indication of the number of patients he has diagnosed, the extent of his involvement in their treatment, or how he arrived at his diagnosis with Renee Hamilton.

To be sure, Dr. Lundeen's reliance upon Wikipedia in his report is troubling (Doc. No. 25-4). While Wikipedia may be appropriate in some contexts, it is inappropriate for someone who offers himself as an expert to rely upon Wikipedia in rendering a medical diagnosis. Wikipedia is not a learned treatise and lacks the reliability required by the federal rules to form the basis of an expert's opinion. *See Campbell ex rel. Campbell v. Sec'y of Health & Human Servs.*, 69 Fed. Cl. 775, 781 (Fed. Cl. 2006) (reversing Special Master's determination because she relied upon Wikipedia and highlighting the reasons for Wikipedia's unreliability); *see also* R. Jason Richards, *Courting Wikipedia*, 44 Trial 62 (Apr. 2008) ("Since when did a Web site that any Internet surfer can edit become an authoritative source by which law students could write passing papers, experts could provide credible testimony, lawyers could craft legal arguments, and judges could issue precedents?").

On the other hand, Dr. Lundeen personally examined Plaintiff and appears to have utilized the diagnostic criteria for CRPS found in the Sixth Edition of the AMA guides (Doc. No. 25-4 at 13). Unlike Wikipedia, the use of this source appears to be appropriate in diagnosing CRPS and RSD. Dr. Lundeen's reliance on both of these sources in his report makes unclear the true basis for his opinion.

Defendant contrasts the lone voice of Dr. Lundeen with the better credentialed medical specialists (Drs. Minore, Sander and Trosch) who find Plaintiff does not suffer from CRPS or RSD. Dr. Minore specifically challenges the qualifications of Dr. Lundeen, who allegedly "does not see or treat patients who have complex regional pain syndrome or has never unilaterally made the diagnosis" (Doc. No. 27-1 at 4). These comments directly contradict the affidavit of Dr. Lundeen, as noted above, but this Court cannot, on summary judgment, weigh credibility. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial").

Also, while Dr. Lundeen's conclusion differs from Defendant's experts, the extent to which Dr. Lundeen considered the opinions of other doctors is a matter that goes to weight, not the admissibility of his testimony where, as here, he claims to have considered the views of other doctors and conducted his own evaluation. *Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 182 (6th Cir. 2009) (noting that weaknesses in a doctor's methodology go to the weight of his opinion, not its admissibility). If Dr. Lundeen indeed considered and rejected the opinions of treating doctors (Drs. Thompson, Beeks and Loomis), it is unclear from his report. Dr. Lundeen summarizes other doctors' notes, but does not otherwise discuss their impact, if any, on his diagnosis.

Finally, Defendant attacks Dr. Lundeen's reputation based on alleged fraud and lack of a current medical license (Dr. No. 27-1 at 5). This Court cannot rely on news accounts and these arguments, in any event, also go to weight for the fact finder to consider. The language of Rule 702 qualifies a witness as an expert by "knowledge, skill, experience, training, or education," and an

4

official license or active practice treating patients is not a requirement. *United States v. Bilson*, 648 F.2d 1238 (9th Cir. 1981); *Grindstaff v. Coleman*, 681 F.2d 740, 743 (11th Cir. 1982).

## CONCLUSION

In sum, more information is needed than the current record provides. Accordingly, while this Court has doubts as to Dr. Lundeen's qualifications and methodology, Defendant's Motion to Strike (Doc. No. 29) and Motion for Partial Summary Judgment (Doc. No. 23) are denied. Pursuant to this Court's prior Order (Doc. No. 30), this matter is referred to Magistrate Judge Armstrong to hold a *Daubert* hearing on the admissibility of Dr. Lundeen's opinion. At or before the hearing, Dr. Lundeen shall be subject to cross-examination concerning the extent of his experience diagnosing and treating patients with RSD and CRPS, as well as the basis for his opinion in this case. Once his testimony is fully developed, Judge Armstrong will be in a position to rule on the admissibility of his opinions.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 19, 2011